IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SINIO TRONTE CASSEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 15-cv-3462-L-BN |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sinio Tronte Cassel seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons explained below, the hearing decision should be affirmed.

**Background**

Plaintiff alleges that he is disabled as a result of mental impairments. *See* Dkt. No. 16 at 3. After his application for supplemental security income ("SSI") benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). That hearing was held on January 21, 2014 and Administrative Law Judge Rebecca Westfall presided. *See* Administrative Record [Dkt. No. 13 ("Tr.")] at 11, 24. At the time of the hearing, Plaintiff was thirty-eight years old. *See id*. He has a high school education but claims that he obtained this education through special education course work. *See id*. at 15. Plaintiff has no past work

experience. *See id.* at 17. Plaintiff has not engaged in substantial gainful activity since September 7, 2012. *See id.* at 13.

The ALJ found that Plaintiff was not disabled and therefore not entitled to SSI benefits. Although the medical evidence established that Plaintiff suffered from degenerative disc disease, obesity, borderline intellectual functioning, history of learning disabilities, schizoaffective disorder, depression, and anxiety, the ALJ concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. *See id.* The ALJ further determined that Plaintiff had the residual functional capacity to frequently lift or carry ten pounds and occasionally lift or carry twenty pounds; stand, walk, and sit for six hours in an eight hour workday; frequently balance, stoop, kneel, crouch, and crawl; frequently , but not continuously, climb ramps and stairs; remember and understand simple, routine, and repetitive instructions given orally without the need to read or write reports. *See id.* at 15. The ALJ also determined that Plaintiff cannot work with members of the general public or as part of a team in order to accomplish work. *See id.* Relying on a vocational expert's testimony, the ALJ found that Plaintiff was capable of working as a housekeeper/cleaner, office building maid, and ironer – jobs that exist in significant numbers in the national economy. *See id.* at 18. Given his age, education, and exertional capacity for work, the ALJ determined that Plaintiff was not disabled under the Medical-Vocational Guidelines. *See id.*

Plaintiff appealed that decision to the Appeals Council. The Council affirmed.

Plaintiff then filed this action in federal district court. In a single ground for relief, Plaintiff contends that the ALJ's determination that his mental impairments did not meet a listing was not supported by substantial evidence.

The undersigned concludes that the hearing decision should be affirmed.

## Legal Standards

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Copeland*, 771 F.3d at 923. The Commissioner, rather than the courts, must resolve conflicts in the evidence, including weighing conflicting testimony and determining witnesses' credibility, and the Court does not try the issues *de novo*. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994). This Court may not reweigh the evidence or substitute its judgment for the Commissioner's but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Copeland*, 771 F.3d at 923; *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). The Court "may affirm

only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

"In order to qualify for [supplemental security income], a claimant must suffer from a disability." *Id.* (citing 42 U.S.C. § 423(d)(1)(A)). A disabled worker is entitled to monthly social security benefits if certain conditions are met. *See* 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *See id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. The hearing officer must make this determination using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the

> claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See* 20 C.F.R. § 404.1520(b)-(f); *Copeland,* 771 F.3d at 923 ("The Commissioner typically uses a sequential five-step process to determine whether a claimant is disabled within the meaning of the Social Security Act. The analysis is: First, the claimant must not be presently working. Second, a claimant must establish that he has an impairment or combination of impairments which significantly limit [her] physical or mental ability to do basic work activities. Third, to secure a finding of disability without consideration of age, education, and work experience, a claimant must establish that his impairment meets or equals an impairment in the appendix to the regulations. Fourth, a claimant must establish that his impairment prevents him from doing past relevant work. Finally, the burden shifts to the Secretary to establish that the claimant can perform the relevant work. If the Secretary meets this burden, the claimant must then prove that he cannot in fact perform the work suggested." (internal quotation marks omitted)); *Audler v. Astrue,* 501 F.3d 446, 447-48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity.").

The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; on the fifth, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *See Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez*, 64 F.3d at 174.

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) – that is, only if Plaintiff's

substantial rights have been affected, *see Audler*, 501 F.3d at 448. "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22. Put another way, Plaintiff "must show that he could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996).

## Analysis

At Step Three, the ALJ found that Plaintiff does not have an impairment that meets or medically equals the severity of one of the listed impairments in the social security regulations. *See* Tr. at 13. Plaintiff contends that this finding is not supported by substantial evidence because the ALJ failed to consider whether he meets the requirements for Listing 12.03. *See* Dkt. No. 16 at 8.

During the Step-Three evaluation process, the ALJ compares the claimant's impairments with impairments considered severe enough to disable an individual. *See Loza v. Apfel*, 219 F.3d 378, 390 (5th Cir.2000); 20 C.F.R. § 404.1520(d). Often referred to as "the Listings," the impairments are listed in Appendix 1 of the regulations. *See* 20 C.F.R. Part 404, Subpart P, app. 1. When an ALJ's Step-Three determination is at issue, the reviewing court must (1) determine whether the ALJ supported the Step-Three determination with a discussion of the relevant evidence, and, if she failed to do so, (2) determine whether the ALJ's error was harmless. *See Cadzow v. Colvin*, No. 5:12-cv-225-C, 2013 WL 5585936, at *4 (N.D. Tex. Oct.10, 2013) (citing *Audler*, 501 F.3d at 448-49). Error is "harmless" when it does not compromise the ALJ's ultimate

conclusion. *See id.* (citing *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). But if the uncontroverted evidence suggests that the claimant's impairments meet the requirements of a listing, the ALJ's failure to provide the basis for her Step-Three decision is error that requires remand. *See Cadzow*, 2013 WL 5585936, at *4 (citing *Audler*, 501 F.3d at 449).

Here, the ALJ supported her Step-Three determination with a discussion of relevant evidence. The ALJ noted that Listing 12.04 requires marked restrictions in daily activities, social functioning, and concentration or episodes of decompensation. *See* Tr. at 13. She specifically stated that Plaintiff's mental impairments do not meet the criteria in Listing 12.04 because he only has mild restrictions in activities of daily living, moderate difficulties in social functioning, and no episodes of decompensation. *See id.* at 13-14. Further, the ALJ explained that qualification under Listing 12.05 is evidenced by a claimant's dependance on others for personal needs or an IQ score under 59. *See id.* at 14-15. The ALJ found that Plaintiff's mental impairments do not meet these criteria because he is able to care for his own personal needs and has an IQ score higher than 59. *See id.* at 15.

But Plaintiff argues that the ALJ erred because she did not specifically mention whether Plaintiff's impairments meet the criteria for Listing 12.03. *See* Dkt. No. 16 at 4, 7-8. Listing 12.03 addresses schizophrenic, paranoid, and other psychotic disorders. *See* 20 C.F.R. § 404, Subpt. P, App. 1. Listing 12.03 – like Listing 12.04 – requires marked restrictions in daily living, social functioning, and concentration or episodes of decompensation. *See id.* at (A), (B). Listing 12.03 is also satisfied if medical evidence

shows that a claimant has a history of a chronic schizophrenic, paranoid, or other psychotic disorder lasting at least two years. *See id.* at (C).

Plaintiff has the burden of demonstrating that he meets the requirements for Listing 12.03. *See Audler*, 501 F.3d at 449. Plaintiff attempts to meet this burden by referencing medical records in which his treating psychiatrist diagnosed him with schizophrenia and noted that he has illogical thinking, disorganized speech, and hallucinations. *See* Dkt. No. 16 at 4, 6; Tr. at 396, 403. But Plaintiff presents no evidence that these impairments caused any marked restrictions or decompensation. Plaintiff also has not shown that any of his impairments lasted more than two years. In fact, the ALJ explained that the very records that Plaintiff references in support of his appeal indicate that his impairments improved within twelve months. *See* Tr. at 17, 425; 42 U.S.C. § 1382c(a)(3)(A).

The criteria in the Listings are designed to be "demanding and stringent." *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir.1994). This is because the Listings "were designed to operate as a presumption of disability that makes further inquiry unnecessary." *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990).

Because Plaintiff failed to present any evidence that his mental impairments satisfy Listing 12.03's severity and durational requirements, he has not met his heavy burden to show that the ALJ's Step-Three determination was in error.

## Recommendation

The hearing decision should be affirmed in all respects.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE